WILLIAM BALLINGER AND A. J. MATHIAS, Executors of the Last Will of A. L. CONNABLE, Deceased, Appellants, v. ALBERT E. CONNABLE.

**Wills:** ADVANCEMENTS: *Construction.* A provision in a will that the "actual cash value" of lands given to the testator's sons by way of advancement, shall be considered its value, if no sum is named, does not apply to an advancement to a son by deed reciting a consideration of one dollar and love and affection, where the son gave back a receipt contemporaneously therewith, stating that the property is estimated as of a specified value, with which amount he is to be charged upon his share of the estate.

*Appeal from Lee District Court.*—HON. A. J. McCRARY, Judge.

THURSDAY, JANUARY 21, 1897.

THIS appeal is by the executors of the last will of A. L. Connable, deceased, from a ruling sustaining an exception to their report, made by Albert E. Connable, one of the devisees.—*Affirmed.*

*James C. Davis* for appellants.

*James H. Anderson* and *I. N. Wagoner* for appellee.

GIVEN, J.—I.   The will upon which this contention arises is the same will considered in the case of these executors against Edwin H. Connable, one of the devisees, appellant, affirmed December 10, 1896. 100 Iowa, 121 (69 N. W. Rep. 438).  Said will contains the following: "I, A. L. Connable, being of sound mind and memory, knowing the uncertainty of life, desiring to settle my estate upon my three sons, Albert E. Connable, Howard L. Connable, and Edwin H. Connable, in equal parts, share and share alike, with as little trouble as possible, do make and ordain this, my last will and testament.  I hereby nominate and appoint A. J. Mathias and William Ballinger executors of this, my last will and testament.  I desire that my estate shall be considered as including all advancements which I have heretofore made to each of my three sons, for the purposes of division, and that the principal amount advanced by me to each, without any interest thereon, be considered as part of my estate in their hands, respectively, whether same be evidenced by note, book account by me, receipt or conveyance of real estate; the consideration named in the conveyance to be considered, for the purpose of settlement, the amount of advancement, or, if no sum is named, the actual cash value of the same at the time of the division of the estate shall be considered its value.  After my debts are paid, and expenses of

settlement of the estate and any bequests which I may make by codicil hereto provided for, it is my desire that all my estate be divided equally, share and share alike, between my three sons, Albert E. Connable, Howard L. Connable, and Edwin H. Connable; the property may be divided in kind, the executors making such division, and designating the part to each, having regard to the preferences or wishes of each, so as to give to each an equal share therein, making transfers of personal assets and conveyances of real estate, for which purpose the title to the real estate is hereby conferred to them, of all the real estate of which I may die seized; their decision to be final." To this two codicils are made, that need not be further noticed. Among the advancements made to appellee, Albert E. Connable, was a conveyance of a certain two hundred and sixty-eight acre farm in Hancock county, Ill. The deed was executed October 21, 1885. Albert executed to his father a writing acknowledging the receipt of this conveyance, which writing, after describing the land, concludes as follows: "Which said property is estimated as of the value of ten thousand, seven hundred and twenty dollars, which said sum, as an advancement to me from the estate of my father, I, Albert E. Connable, do hereby acknowledge receipt of, and upon his estate, should he die intestate, I am to be charged with said amount as having been received by me, and I am to be chargeable with in my share of the estate. Witness my hand and seal, this twenty-sixth day of December, 188–. Albert E. Connable. [Seal.] January 22, 1886." The executors reported that, as A. L. Connable did not die intestate, they charged Albert E. Connable, on account of this advancement, seventeen thousand, five hundred dollars, the actual value of the land at the time the estate was ready for distribution. To this charge, Albert E. Connable

excepted, upon the ground that said deed and receipt were simultaneous, and together constitute the contract, and fix the consideration at ten thousand, seven hundred and twenty dollars, and contends that the executors have no right to charge him any greater sum.

II.  The deed recites a consideration of one dollar and love and affection. It is not disputed, however, that this is as if no sum was named. Therefore, taking the deed alone, it would come under that provision in the will that, "if no sum is named, the actual cash value of the same at the time of the division of the estate shall be considered its value." The receipt from Albert to his father was evidently executed and delivered as a part of the same transaction, and therefore the two instruments must be considered together. Thus considered, it is entirely clear that ten thousand seven hundred and twenty dollars is the sum named as the advancement to be charged to Albert. It was in consideration of Albert's agreement to accept the conveyance at that sum as an advancement that it was made. Taking the deed and receipt together, it is apparent that this consideration was named. Therefore, if nothing further appeared, this sum must control in the division of the estate. It will be observed that, by the receipt, Albert acknowledged the receipt of this advancement to be charged in that sum should his father die intestate. Appellants contend that the testator reserved to himself the right to thereafter provide by will a different value to be put upon said advancement, and that, having died testate, his will must control. This contention may be conceded; yet the question remains: Does the will show that the testator intended that a different sum than that named in the receipt should be charged on account of the advancement? The testator knew the sum to which he had required Albert's consent, and to which he

had consented, as the consideration for the conveyance. His will is that, "if no sum is named, the actual cash value of the same at the time of the division of the estate shall be considered its value." We have seen that a sum is named. Therefore this clause of the will does not apply, and there is no provision in the will for dividing the estate upon any other basis than the consideration named, except where no sum is named. We find nothing in the will to indicate an intention upon the part of the testator that Albert should be charged on account of this advancement in any other sum than that named, to-wit: ten thousand seven hundred and twenty dollars.

III. Authorities are cited to the effect that where discretion is given executors under a will, it cannot be controlled by the courts, unless there be a refusal to exercise it, or fraud in its exercise. It is argued that, as these executors have acted in good faith in this matter, the court has no power to interfere with their discretion. Where the thing to be done is fixed by the will, they have no discretion, but must do that which the will requires. We have seen that, in the view we take of this will, it requires that Albert E. Connable shall be charged with ten thousand seven hundred and twenty dollars on account of this advancement. Therefore, the executors have no discretion to exercise as to the amount. Our conclusion is that the judgment of the district court must be AFFIRMED.