HENRY E. LEWIS, ADMISTRATRATOR, ET AL., APPELLEES,
v. WILLIAM E. BARKLEY, JR., ADMINISTRATOR, ET AL.,
APPELLANTS.

FILED MARCH 26, 1912.   No. 16,962.

1. **Wills**: LEGACIES: INTEREST.  Whether interest is to be allowed upon
a specific legacy of money depends upon the intention of the
testator.  If that intention cannot be otherwise determined from
the language of the will itself, it will be presumed that the
testator intended that the legacy should be paid during the first
year after the appointment of the executor under the will, and,
if not so paid, should bear interest from that time.  *Smullin v.
Wharton,* 83 Neb. 328, distinguished.

2. ——: ——: ——.  If the will gives a specific legacy of money
to each of three persons respectively, and expressly provides that
two of such legacies shall not bear interest in any event, the
presumption is raised that the testatrix intended that the third
legacy not so limited shall bear interest.

3. ——: ——: ——.  Section 282, ch. 23, Comp. St. 1911, pro-
vides:  "That at the expiration of the year from the time of the
granting of letters testamentary or administration, such executor
or administrator shall at once, and the court is hereby directed to
compel such executor or administrator to at once make final
settlement of such estate."  And, unless otherwise indicated by
the will, the presumption is that the testator intended that the
legacy should be paid within that time, and, if not so paid,
should bear interest thereafter.

4. **Executors and Administrators**: LEGACIES: INTEREST. If the legatee
in a will is also appointed by the will as executor thereof, and
duly qualifies as such executor, the fact that he unnecessarily
delays settlement of the estate and keeps in his own hands
money derived therefrom will not estop him to claim interest on
such part of his legacy as remains unpaid after allowing thereon
all money received and not disbursed by him in the management
of the estate, it appearing that the value of the estate has been
enhanced rather than lessened by such delay.

5. ——: ACCOUNTING BY LEGATEE AS EXECUTOR.  In such case it is
the duty of the probate court, and of the district court upon
appeal, to state the entire account of such executor, both as
executor and as legatee under the will, charging against such
legacy all money that he has received, less proper disbursements
and commissions.

APPEAL from the district court for Lancaster county: LINCOLN FROST, JUDGE.  *Affirmed.*

*Tibbets & Anderson,* for appellants.

*E. F. Pettis* and *Greene & Greene, contra.*

SEDGWICK, J.

This litigation arose out of the settlement of the accounts of John D. Knight, as executor of the estate of Helena V. W. Knight, deceased, his wife. Helena V. W. Knight died in 1898, and left a will which, among other things, bequeathed a legacy of $10,000 to her husband, John D. Knight, and other property specified, and, after making some other bequests, the will gave all of the residue of her property, real, personal and mixed, to her said husband during his natural life, with remainder to various persons therein named.

John D. Knight entered upon the administration of the estate, and continued without any settlement until January, 1905, when he filed in the probate court of Lancaster county a report and account of his acts as executor of said estate. The residuary legatees under the will objected to the report, and afterwards it appears from the record that John D. Knight died, and Henry E. Lewis having been appointed administrator of his estate, the said Lewis was substituted as a party to the proceedings, and filed in the county court an application setting up the before mentioned legacy, and alleged that the same had been paid only in part. William E. Barkley, Jr., who had been appointed administrator of the estate of Helena V. W. Knight in the place of her husband, John D. Knight, filed objections to the application of Lewis as administrator, and the issues in the county court were made by this report of John D. Knight, and the application of the administrator of his estate afterwards appointed, and the objections of Mr. Barkley as administra-

tor of the estate of Helena V. W. Knight. A hearing was
had in the county court, and from an order entered
thereon an appeal was taken to the district court for
Lancaster county. In the district court the matter seems
to have been heard on the issues as made in the county
court. A jury was waived and the cause tried by the
court. The issue, as stated in these various papers, is
somewhat complicated and presents several matters of
dispute between the parties. The district court in stating
the account between the parties allowed interest upon the
10,000-dollar legacy. There had been no order made by the
county court for the payment of this legacy, and it is
contended that no interest can be allowed upon a legacy
until such order is made. This presents the principal
question discussed in the briefs.

In *Smullin v. Wharton*, 83 Neb. 328, the matter involved
was not a specific legacy, but a provision of the will al-
lowing annual support, and, the amount of such annual
support having been fixed by the court, the question was
whether interest would be allowed upon the unused por-
tions of the amount so fixed. In discussing the question,
however, the court referred to the rule in regard to in-
terest upon specific legacies as applied in other jurisdic-
tions, and stated that the rule of English courts in regard
to an annuity payable from the body or principal of a
fund seems to be that the first payment is due at the end
of the first year after the death of the testator, but when
payable out of the income of the fund it becomes due at
the end of the second year; and points out that in Pennsyl-
vania it has been held that such annuities become due at
the end of the first year in either event. The opinion then
states that there can be little doubt that "the general rule
of law is that, in ordinary cases of legacies bequeathed,
the legatee is entitled to interest at the legal rate from
the time they could be legally demanded." It is then said
that probably the rule is modified by the statutes of this
state. The statutes are referred to, and it is said: "By
these sections it would appear that none of the legacies

are due and demandable until after the entry of the decree provided for, and therefore they could draw no interest prior to that date." The opinion does not regard it as necessary to determine that question in the case then being considered, but says: "If this be the case there could be no interest allowed in any event until after the termination of the litigation over the final admission of the will to probate and the necessary proceedings thereafter leading up to the decree." The question is disposed of "under the peculiar circumstances" of the case. The question here involved is not determined in that decision.

In the case of *Dickey v. Dickey*, 94 Fed. 231, the decided question is stated in the syllabus as follows: "A refusal to pay a legacy is not wilful and without reasonable cause, so as to entitle legatee to interest, where he claimed a larger sum than entitled to, and, on suit, was allowed only half of the amount claimed. If legacies bear interest within the provisions of Mills' Ann. St. sec. 2252, allowing creditors interest for all moneys after they become due, on any bond, bill, or promissory note or other instrument in writing, they do so only after an order of the court has been made directing their payment." In the majority opinion quotations are made from the statute of Colorado quite similar to those found in our statutes, and it is said that it is unnecessary to determine whether the statutes allow interest on legacies. The statement in the opinion that interest on legacies "can only be awarded as damages" is perhaps not in harmony with the authorities generally. Interest on legacies, like the legacies themselves, is to be allowed if the testator so intends, and the intention is to be derived from the construction of the whole will. Legacies, like promissory notes, may bear interest before they are due, if so intended by the testator. There is no express provision in our statute in regard to the matter. In doubtful cases as to the intention of the testator, assistance may be derived from the provisions of the statute in regard to the settlement of estates. The administrator is allowed in the first instance one year's

time from his appointment in which to settle the estate
(Comp. St. 1911, ch. 23, sec. 282), and the testator being
aware of this statute, it has in most cases been regarded
that there is a presumption that the testator intended that
the legacy should bear interest from that time.  In many
cases this has been regarded as determining the matter
when the intention of the testator cannot otherwise be
drawn from the will.  In the case at bar the will was
generally in favor of the surviving husband of the de-
ceased.  He was given specified property and a specified
amount as a legacy, and a life estate in all of the real
estate of the deceased and the use and control of all the
property during his life.  The will gave specific legacies
to other persons and expressly provided that the same
should not bear interest, but no such limitation was placed
upon the legacy in question to her husband.  Mr. Knight
qualified as executor of her estate and took possession of
the property and appears to have used and treated it as
his own.  The real estate apparently was not very valu-
able at the time he qualified as executor, but was sold
after his death for a considerable sum.  It is contended,
on the one hand, that he ought to have reduced the prop-
erty to money and so have prevented any interest accumu-
lating upon the legacy, and that his unreasonable delay
in closing up the affairs of the estate was an injury to
the parties interested, and ought to estop him and his
estate to claim interest in the settlement of his accounts.
On the other hand, it is insisted that he acted with great
prudence in the interest of the estate in holding the prop-
erty without sacrificing it, which resulted largely to the
benefit of the residuary legatees.  Other circumstances
disclosed in the evidence are insisted upon by both parties
as affecting the equities of their respective claims.  If we
consider all of the circumstances in the case, in the light
of the general rule above stated, we think the fact that
the will gives two other specific legacies with express pro-
visions that "he (the executor) shall in no event allow
any interest thereon" and that no such limitation is

placed upon the legacy in question justifies the finding of the trial court that the testatrix intended that this legacy should bear interest after the first year of administration, if not realized during that time.

The trial court also was right in holding that it was the duty of the probate court, and of the district court upon appeal, to state the entire accounts of the executor with the estate, including his credits as legatee as well as his debits and credits as executor. The ancient rules derived from the technicalities of the common law forms of action are not applicable to our probate practice. In this state the county court applies equitable principles when necessary in the settlement of estates. The decision of the district court involved the examination of many items of account, and both parties seem to be somewhat dissatisfied with the results. Several of the items allowed in favor of the John D. Knight estate are criticised by the appellants, and many that are disallowed are insisted upon by the appellees. The district court appears to have made a very thorough investigation of the whole matter.

We do not consider it necessary to discuss the mass of evidence in regard to the many items criticised on each side of the account. Upon examination of the record, we find no reason to disturb the findings of the trial court upon any of these matters presented, and the judgment is therefore

AFFIRMED.