ISABELLA BUCHANAN, Executrix of the Will of Alexander H. Buchanan, Deceased, and SYLVERA BUCHANAN, Minor Child of said Alexander H. Buchanan, and J. H. DONALDSON, Her Guardian, Appellants, v. ESTELLA V. HUNTER, Appellee.

Wills: LEGACIES: DEFERRED PAYMENTS: INTEREST. Where a bequest is
1 made payable at a specified time after the testator's death payment at that time without interest will satisfy the legacy; but where the will as a whole indicates an intention to make the legatee an unqualified beneficiary as of the date of the testator's death, nothing being postponed except the right to demand and receive possession of the legacy, the beneficiary is entitled to the income or the accumulations of the fund from the date of the death of the testator.

Same: LEGACIES: INTEREST: ACCUMULATIONS. Interest upon a legacy
2 not paid when due is not considered a part of the gift, but is rather a penalty for non-payment of the bequest when due; but where a legacy vested on the death of the testator, with payment postponed until the majority of the beneficiary, the beneficiary was

entitled to an accounting for the income during minority, not as interest, strictly speaking, but on the theory that it is a part of the gift to be paid with the original bequest.

**Same:** SPECIFIC LEGACIES: DEFERRED PAYMENTS: RIGHT TO ACCUMULATIONS. The will in question bequeathed a specific sum to a minor daughter for the purpose of equalizing advances made to an older daughter, to be paid her when she arrived at the full age, and provided for an equal division of the balance of the estate between two daughters. The will also requested the appointment of a guardian for the property of the minor, and authorized the executrix to pay the specific legacy either in cash or by the assignment of securities. *Held,* that it was the intention of the testator as indicated by the will as a whole that the specific bequest should vest upon his death, with the right of possession deferred until the beneficiary arrived at majority, and that the accumulations on the bequest prior to possession belonged to the beneficiary and were not a part of the residuary estate.

**Same:** LEGACIES: ACCUMULATION. The fact that a legacy is vested and not contingent is not of itself sufficient reason in all cases to determine the right of the legatee to the accumulations accruing upon the fund, but it is a circumstance of weight and value to be considered on that question.

**Same:** ADVANCEMENT: VALUE: EVIDENCE. The statement of the testator in his will that he had made advancements in a certain sum to one daughter, and to equalize the share of another daughter in the estate bequeathed to her an equal sum, is conclusive upon the party to whom the advancements were made; and evidence that property advanced was worth less than the valuation placed by the testator is not admissible.

**Same:** BEQUEST TO WIDOW: RIGHT TO ACCUMULATIONS. Under a will giving a widow the homestead and one-third of the estate in lieu of dower, her interest vested upon the death of the testator, and she was entitled to her proportionate share of the accumulations of the estate during the time of administration.

*Appeal from Jasper District Court.*—Hon. John F. Talbott, Judge.

Wednesday, September 30, 1914.

The opinion sufficiently states the case. *Reversed* on plaintiffs' appeal.—*Affirmed* on defendant's appeal.

*J. E. Holmes* and *Dale & Harvison*, for appellants.

*C. O. McLain* and *T. J. Campbell*, for appellee.

WEAVER, J.—The decision of this case depends upon the proper construction of the will of Alexander H. Buchanan, deceased. The testator left surviving him his wife, Isabella Buchanan, and two daughters, Estella V. Hunter, of adult years, and Sylvera E. Buchanan, five years of age, his only heirs at law. By the terms of his will he gave to his wife the family homestead and one-third of the remainder of his estate in lieu of her statutory share. After thus providing for his wife and for the payment of his debts, the testator made provision for his children in terms as follows:

Item 4. I have at various times advanced to my daughter, Estella V. Hunter, now residing at Wichita, in the state of Kansas, sundry items of real estate and personal property of various kinds, which I estimate to be of the aggregate value of forty thousand dollars ($40,000.00). For the purpose of making my minor daughter, Sylvera E. Buchanan, to whom I have advanced nothing, share equally with said Estella V. Hunter in my property and estate, I give and bequeath unto my said daughter, Sylvera E. Buchanan, the sum of forty thousand dollars ($40,000.00), to be paid to her when she shall have become of full age.

Item 5. All the residue and remainder of my property and estate, including all property, both real and personal, of which I may die seised or possessed or to which I may be entitled at the time of my death, excepting the property devised or bequeathed in the preceding items hereof, I give, devise and bequeath unto my said daughter, viz.: Estella V. Hunter, of Wichita, Kansas, and Sylvera E. Buchanan, now residing with me at Baxter, Iowa, in equal shares, each to have the one-half thereof, absolutely.

Item 6. In the event of my death during the minority of my daughter, Sylvera E. Buchanan, I direct that a guardian of her property and estate be appointed by the court having jurisdiction thereof, which guardian shall care for and preserve her property during her minority.

Item 7. I nominate and appoint my said wife, Isabella Buchanan, sole executrix of this my last will and testament, and I direct that she shall not be required to execute any bond as such executrix, and that she shall have full power to employ such assistance as she may deem necessary, all costs and expenses thereof to be paid by her from the general assets of my estate, before making any division thereof. She shall have full power, under the direction of the proper court, to pay said bequest of forty thousand dollars ($40,000.00) herein made to my daughter, Sylvera E. Buchanan, either by the assignment of securities which I may have on hand or in cash from the proceeds of property real or personal to be sold by her.

The will was duly admitted to probate, and at the end of the one-year period for the settlement of the estate the widow, as executrix, presented to the court her final report. This report showed moneys and credits to be accounted for to the aggregate of $74,010.22, which sum includes income derived from the estate during the period of administration. Against this sum the executrix claimed credit for disbursements and compensation to the amount of $3,377, leaving for distribution under the will the sum of $70,633.22. It may also be said that the widow elected to take under the will, and that the real estate, other than the homestead, was sold in proceedings for partition for the sum of $51,830; but so far as appears no part of this latter sum is chargeable to the executrix, its distribution presumably being provided for by the decree entered in those proceedings. The final report having disclosed the amount alleged to have come into the hands of the executrix for distribution, she asked an order authorizing her to distribute the same in accordance with her version of the will—one-third in value to herself, $40,000 in moneys and credits to James M. Donaldson, as guardian of her minor daughter, Sylvera E. Buchanan, and a division of the remaining sum in equal shares between the said guardian and Estella V. Hunter. Objections to the report were filed by Mrs. Hunter on the general ground that "the petition for distribution and discharge and said proposed plan of distribution do

not conform to the terms of the will," but not stating or specifying in what particulars the report is defective. A motion by the executrix for more specific statement of the grounds of the objections was overruled. Upon hearing the testimony, the court approved the final report, except as to the prayer of the executrix for authority to pay the legacy of $40,000 to the guardian of Sylvera E. Buchanan. The order as entered in this respect is as follows:

6. That said executrix shall retain said legacy of $40,000 made by said testator, Alexander H. Buchanan, deceased, in his said last will and testament, to the said Sylvera E. Buchanan, minor, as a part of said estate to be paid to the said Sylvera E. Buchanan, when she shall have arrived at the age of 18 years, without accumulations, except such as she shall be entitled to as residuary legatee.

From this order forbidding payment of the legacy to the guardian, and requiring the executrix to withhold payment thereof until the minor arrived at her majority, and then to account for the accumulations upon the sum so retained as an item of the residuary estate to be shared equally by the two daughters of the testator, the executrix and the guardian have appealed. Estella V. Hunter also appeals from so much of said order as approves any part of the report of the executrix. In this opinion we shall speak of the executrix and the guardian as the appellants, and of Mrs. Hunter as appellee.

I.   The chief controversy in the case is upon the question whether the legacy of $40,000 to the minor daughter may properly be paid over to the guardian, thus giving her the benefit of the accumulations thereon when she shall become of age, or shall be retained by the executrix as a part of the undistributed estate during the entire minority of said child, and the accumulations thereon be treated as residuum and divided between her and her sister. If the inquiry involved the simple case of a legacy payable at a specified or determinable date after

1. WILLS: legacies: deferred payment: interest.

the death of the testator, with nothing in the record from which a contrary intent could fairly be drawn, its answer would be easy, and the finding of the trial court would have to be affirmed, for it is very well settled as a general rule that under such circumstances payment of the legacy named at the date so fixed, without interest or accumulations, satisfies the terms of the bequest. See 40 Cyc. 2099 and 2100. But the rule thus stated is subject to exceptions. It is a cardinal principle of testamentary construction that the court reads the will of a testator as a whole, each provision thereof in the light of all the other provisions, and ascertains, if practicable, the testator's intent, and if such ascertained intent be lawful it will be respected and given effect accordingly. This principle has often been applied in cases like the one at bar, and the right to interest or accumulations upon a legacy payable at a future date has been affirmed, where the circumstances of the case and the provisions of the will as a whole fairly indicate the testator's purpose to make the legatee the unqualified beneficiary as of the date of the testator's death, nothing being postponed except the right to demand and receive possession of the legacy. 40 Cyc. page 2100; *In re Knight's Estate* (Neb.), 135 N. W. 379. And this may be true, even where there is no express declaration upon the subject of interest.

We come, then, to the ultimate question whether the will in this particular case, construed as a whole, discloses an intention which brings it within any of the recognized exceptions of the rule on which the appellee relies. The circumstances upon which appellants rely to take this case out of that rule may be stated as follows: First, that the dominant intent of the testator after providing for his widow is clearly to make an equal division of his estate between his two daughters, while the construction placed upon the will by the trial court serves to defeat that intent to the advantage of the appellee; second, that the relation of the testator as father of the legatee, a child of tender years, raises a pre-

sumption that he intended to give her, not only the principal sum named, but the accumulations thereon; third, that the provision for a guardian for the legatee, to have charge of her property and estate during her minority, and the authority vested in the executrix to pay the legacy from securities the testator might have on hand at his decease, emphasizes his intent to make such gift effective as of the date of his death; fourth, that the legacy is in no sense of the word contingent, but vested, and nothing is postponed, except the legatee's right to demand and receive the possession and control of the fund; and, fifth, that the $40,000 given the child, if not a specific legacy, is at least a preferential one, which she is entitled to receive before the appellee is entitled to receive or demand anything out of the estate, and that to sustain the ruling below, and permit the appellee to share in the accumulations upon such legacy, is to that extent a denial of the admitted preference, and a defeat of the testator's plan for equalizing the distribution of his estate.

It is well at the outset of this discussion to suggest that cases treating the question of "interest" upon deferred legacies, many of which have been cited in the briefs on either side, differ in some material respects from the

2. SAME: legacies: interest: accumulations.

one presented by the record now before us. Strictly speaking, interest on a legacy is in the nature of damages or compensation to a legatee for withholding payment of a gift after it is due according to the terms of the will. If not then paid, the estate of the testator or the executor of his will is liable as any other debtor for legal interest from such date; and this is true, although the estate be not ready for final settlement or the money with which to pay it be not yet available. The interest so exacted and paid is no part of the testator's gift, but is the penalty imposed upon the failure to pay it when due. But the question here is whether the legacy which is admittedly not to be paid to the legatee until after she arrives at her majority, some thirteen years in the future, carries with it the accre-

tions or accumulations by way of interest or otherwise, be they great or small, much or little, which may be derived therefrom during the interim between the death of the testator and the maturity of the child's right to demand the possession. Up to that time her right, if any, is to an accounting for the income actually received, or which reasonably ought to have been received, and this upon the theory that the bequest contemplates the accumulation of such income during her minority and its payment to her with the principal when she reaches the specified age.

Bearing in mind this manifest distinction, let us then turn to the will and ascertain therefrom, if we may, the evident intent or purpose of the testator. If anything is manifest therefrom, it would seem to be the careful concern of the father, first, to make specific provision for his widow, which provision, if accepted by her, was to be in lieu of her statutory share in his estate; and, second, to so divide the remainder of his estate that, taking into account advancements made, his two daughters and only heirs should share equally in the residue. Such being the case, we are persuaded that the construction which the district court put upon the legacy given to the younger daughter is quite inconsistent with this general intent. Roughly speaking, the estate left for division, after setting aside the homestead and widow's share, was, in round numbers, $80,000, which, with the advancement charged against the appellee, makes a total of $120,000. If we are correct in saying that the will evidences an intent that the daughters shall share equally, it follows that of this sum the testator gave or attempted to give to each the sum of $60,000. This amount, including her advancement, has been awarded to the appellee, and no one contests her right thereto. Whatever growth or accumulation there may be realized upon this sum from the date of the distribution by the executor is wholly hers in her own right. But if her further contention is correct, and the legacy to the

3. SAME: specific legacies: deferred payment: right to accumulations.

infant daughter is to be withheld by the executor until the child becomes of age; and then be divided between them as an independent item of the residuum of the estate, the scheme of equality between these sisters is effectually frustrated, and, estimating the income from the fund at the moderate rate of 5 per cent. per annum without compounding, the appellee will receive from her father or his estate not less than $12,000 in excess of the sum received by her sister. That the testator contemplated no such result is as clear and certain as it can well be made by language. The gift is in the present tense and speaks from the moment of the testator's death:

I give and bequeath to my daughter, Sylvera E. Buchanan, the sum of $40,000, to be paid to her when she shall become of full age.

It is subject to no condition or contingency. The right thereto was vested at once upon the will becoming effective, though the right to personal possession and control of the fund was suspended for a definite period. In the same connection, and as a part of the express language of the bequest, he declares that he makes it "for the purpose of making my minor daughter, Sylvera E. Buchanan, to whom I have advanced nothing, share equally with said Estella V. Hunter in my property and estate." It is inconceivable that this father, who was apparently a man of more than ordinary intelligence, education, and experience, should thus clearly declare his intention to provide for full equality between his children, and in the same breath proceed to give the lie to that declaration by a provision which insures to the older daughter a very large advantage over the younger. The simple truth would seem to be that, in view of the tender age of the younger daughter and of the advisability of retaining her property interests intact until she reached maturity, he wisely undertook to suspend her right of possession until she should arrive at full age, and that meanwhile her property should be intrusted to the care and control of a guardian. In other words,

while the beneficial right or title to the bequest vested in the child at once, its possession and control were to be placed in trust until the expiration of the prescribed period.

It is argued for appellee that the provision of the will for the appointment of a guardian may be satisfied and explained by relating it to that part of the child's share which she was entitled to receive in addition to the legacy of $40,000. But the testator does not so limit his directions. He speaks of a guardian, who "shall care for and preserve her property during her minority." By what authority shall we say that this reference to "her property" contemplated only a lesser fraction of the property he was giving her? Moreover, we are not seeking to discover what meaning might with grammatical and legal propriety be placed upon single sentences or clauses of this will, but rather for the intent and purpose which the instrument as a whole was intended to embody. That the testator intended an immediate vesting of the child's right to the legacy and the early payment of the same into the hands of her guardian is clearly implied from that part of the sixth paragraph of the will which authorizes the executrix to pay the bequest of $40,000 made to Sylvera "by the assignment of securities which I may have on hand." This has evident reference to securities which he might have on hand at the time of his death, and goes far to negative the existence of any thought in his mind that the executrix was bound to keep the estate to this extent open for a long series of years, and meanwhile withhold payment of the legacy from the legatee and her guardian. That the declared intention of the testator to equalize the distribution of his property between his children should be respected and enforced by allowing interest or income on a deferred legacy to one of them is distinctly held in *Couch v. Eastham,* 29 W. Va. 784 (3 S. E. 23). The soundness and propriety of such rule are not open to question.

We think it unnecessary to consider the extent to which the mere fact that the legatee in this instance was a minor

child of the testator, for whom he was under at least moral

4. SAME: lega-
cies: accumu-
lations.

obligation to provide support, justifies a presumption that he intended to give her the interest or income accruing from the gift, for such intent is sufficiently apparent from other circumstances to which we have alluded. We should also add that, while we have held the right to the legacy to be vested, and not contingent, and have treated that circumstance as tending to sustain the position taken by the appellants we ' do not wish to be understood as holding that in all cases the vesting of the right in the legatee is in itself sufficient to determine his right to accumulations and interest accruing upon the legacy. It is, however, a circumstance of weight and value in determining that question. There are many decided cases having more or less direct bearing upon the issue here presented, but none perhaps more nearly parallel with the one before us than is found in *State v. Main*, 87 Conn. 175 (87 Atl. 38), quite recently decided by the Connecticut court. That decision involved the construction of a will in which the testator, among other things, provided, ''I give to my grandson, Ernest Nathaniel Main, the sum of $1,000.00, to be paid to him on his arriving at the age of twenty-one years,'' followed by a gift over to another in case the grandson died during his minority. The executor turned the legacy over to a trustee, who put the money at interest and paid the full amount, principal and interest, to the grandson when he became of age. Thereupon action was begun upon the trustee's bond to recover for the benefit of the testator's estate the interest which he had paid to the legatee. The claim there asserted was identical to the one made here, that the income derived from the legacy during his minority belonged to the estate of the testator. Discussing the general rule applicable to such cases and noting the holding in a Pennsylvania case, where it is said the question is simply one of the testator's intent, the court then proceeds to say:

The rule thus appealed to and applied is one so elemental that it requires no argument to demonstrate that the intent of the testator, gathered from the will and surrounding circumstances, is the rule of rules to be applied in determining in any given case the operative effect of a will in respect to a gift to take effect in possession *in futuro* as it is in respect to all other testamentary provisions, and that any dictum which overlooks it is to that extent inaccurate. The expressed intent may be that the legatee shall, at a future time named, receive the principal sum designated, and that sum only. It equally well may be his intent that the principal sum shall be set aside in the distribution of his estate, to be held with its accretions for the benefit of the legatee, but with the right of possession withheld from him until some future time. The intent may conceivably assume some other form, but, whatever it be, if it be sufficiently expressed and within the law, it will be effectuated.

Having thus stated the law, the soundness of which is not open to question, and further saying that the language of the will and the fact that the legatee was but 14 years of age when the will became operative were all which the record revealed as a basis for ascertaining the testator's intent, the court proceeds as follows:

The fifth paragraph of this will begins with a bequest of $1,000 to Ernest, couched in the language of an absolute present gift, to take effect in point of right unqualifiedly and in respect to both enjoyment and possession immediately upon the death of the testator. The qualifying language, 'to be paid to him on his arriving at the age of twenty-one years,' is that which would naturally occur to one who was desiring to provide for a postponement of the time when the right of possession would attach. It neither creates a contingency or condition nor operates to delay the vesting in point of right. It in no way suggests that the benefit of the fund resulting from its investment should not ultimately inure to the beneficiary, the fund simply being held for his benefit until he should become entitled to its possession. It would be quite in consonance with the language that it should. The testator's purpose might, indeed, be otherwise; but such purpose is not indicated. In this connection the minority of Ernest becomes

peculiarly significant. He was not legally capable of holding and managing property personally, and would not be until he was 21. A guardianship would be the anticipated consequence of a gift to him of the right of possession. What more natural course for the testator to pursue than to provide for a holding for his benefit until his incapacity should come to an end? This would appear to have been the thought in the testator's mind, and doubtless it was a desire on his part to make suitable provision for the period of Ernest's minority, and not one to ultimately withhold from him the full benefits of the fund designated for him, which dictated the provision postponing the right of possession.

In another paragraph the court pertinently remarks:

It is scarcely conceivable that the testator contemplated that the final settlement of his estate should be deferred a possible seven years, either for the payment of a legacy of $1,000 or for administration of the small sum of interest which might accrue upon that sum.

The applicability of this discussion by the Connecticut court to the case at bar is so manifest it needs no elaboration on our part, and is so in accord with the views we have already expressed that it justifies our liberal quotation therefrom.

Referring to the general subject of interest upon legacies the Nebraska court has said:

It is to be allowed if the testator so intends, and intention is to be derived from the construction of the whole will. (*In re Knight's Estate* (Neb.) 135 N. W. 379.)

In *Budd v. Garrison*, 45 Md. 418, the intention of the testator to give the legatee the accruing interest upon his legacy was held to be sufficiently shown by the fact that the will provided for a guardian for the beneficiary. Upon this subject the court says:

In the will before us the controlling fact is that the testator appoints a guardian for these legatees. Whether he had power to make such appointment is unimportant, but it clearly

manifests his intentions that such guardian should receive this legacy from the executor, or collect it from the estate on which it was charged, and hold it for the benefit of the wards.

Upon the same general question it is said by the Massachusetts court that:

Every case turns upon the intention of the testator as expressed in his will. The facts, however, that the right of property is vested in the petitioners [legatees] during their minority, and that the trust was created only that during their minority the property might be held and managed by trustees, are significant in determining the disposition which the testator intended to be made of the income. The beneficial owner of trust property is the owner of the income of it, unless some other intention is expressed. (*Wright v. White*, 136 Mass. 470-476.)

Reaching the conclusion, as we do, that the will clearly discloses the intent of the testator to vest his infant daughter with the full one-half of his estate, including the advancement made to the elder daughter (subject, of course, to the rights of the widow), and that to such extent he vested her with the absolute right to the preferential legacy of $40,000, withholding only the right of possession during her minority, and that such right became fully vested when the will became effective by the testator's death, it follows that the order of the district court requiring the executrix to withhold the distribution of said funds until the child should arrive at full age, and to treat the income accruing therefrom as a part of the residuum of the estate, to be shared or divided between the appellee and her sister, cannot be sustained.

II. We turn now to the questions presented by the appellee's cross-appeal. It is said the court erred in recognizing or sustaining the legacy to Sylvera for the principal sum of $40,000. The substance of this complaint is that the testator, in attempting to equalize the distribution between his daughters, has wrongfully or mistakenly charged the appellee with advance-

5. SAME: ad-
vancements:
evidence:
value.

ments to the amount of $40,000, when as a matter of fact the advancements so made did not exceed $15,000. 'To correct this alleged mistake, and allow the daughters to share equally in fact, it is said the legacy to Sylvera should be given effect to the extent of $15,000, and no more. Evidence was offered on the trial below tending to sustain appellee's claim that the advancements made to her (which included a certain farm in Jasper county, Iowa, and certain residence property in Omaha, Neb.) did not exceed $15,000. The competency of the appellee to testify to these matters, and the competency of the testimony itself to affect the construction or legal effect of the will, is a question argued by counsel. Conceding, but not deciding, that appellee was a competent witness, we are satisfied that the court was not authorized to consider the facts so presented, and that the effect of the provision in the will as to advancements cannot be changed or varied by extrinsic testimony disputing the correctness of the charge made by the testator. The property of the father was his own, to give or to withhold from his children as he saw fit. If he had given to either of them a farm or other item of property by way of advancement, it was his right to place upon it such valuation as to him seemed proper. He, better than any one else, knew what he had done for his children and the equities existing between them, and for the court to hold that when he is dead, and his estate is to be distributed according to his will, evidence may be admitted that the advancements made were less than is stated in that instrument, and that upon the strength of such showing a legacy to the younger daughter may be wiped out or materially reduced, would be to ignore all authority and well-established principles of the law of wills, and say that the court may amend the will or make it anew. No authority cited by the appellee supports her position in this respect. The contrary doctrine has often been affirmed. *Eichelberger's* case, decided in Pennsylvania and found in 135 Pa. 160 (19 Atl. 1014), is distinctly in point. The court there remarks:

When a testator says, through his will, to his executors, 'You shall divide my estate equally between my children, share and share alike,' and then specifies the amount each has received in his lifetime, what rational conclusion are we to draw but that the amounts so received shall be deducted from their shares? Under such circumstances the direction to divide equally necessarily involves such deduction. The fact of the indebtedness of each child, and the amount thereof, was a matter within the personal knowledge of the testator; and he had a right to say that the indebtedness of his children, as he stated it in the will, should be deducted from their shares. Even if a mistake had been made, I am unable to see how it could be corrected upon distribution, without making a new will for the testator. . . . A legatee is but a volunteer, at best, and must take the bounty of a testator upon the terms in which it is bestowed.

And this we think is the rule of all the authorities without substantial exception. For example, see *Fitzpatrick v. Fitzpatrick*, 36 Iowa, 674; *Chambers v. Watson*, 56 Iowa, 676; Schouler's Wills (2d Ed.), section 569; *In re Cummings' Estate*, 120 Iowa, 426; *Nelson v. Nelson*, 7 B. Mon. (Ky.) 672; *McAlister v. Butterfield*, 31 Ind. 25; *Callender v. Woodard* (Tenn. Ch. App.) 52 S. W. 756; *Ballinger v. Connable*, 100 Iowa, 600; 40 Cyc. 1924.

It is finally objected on the part of the appellee that the court awarded to the widow one-third of the estate as it stood at the date of the distribution. This it is claimed is an excessive allowance, because the estate or property then on hand included, not only that which was in existence at the date of the testator's death, but also the income derived therefrom during the following year. The objection is made on the theory that at common law no interest is chargeable upon general legacies for a period of one year after the death of the testator. Assuming the common-law rule to be as stated, we think it insufficient to sustain the cross-appeal. The benefit provided for the wife in this will is not a mere legacy in the ordinary sense of that term, nor is the accretion

6. SAME: bequest to widow: right to accumulations.

thereto during the year of administration interest on a legacy within the meaning of the rule cited by the appellee. Neither is her right thereunder a mere unassigned right of dower. The will gives to her a distributive share, a certain aliquot part, of the entire estate, real and personal. She stands in relation to the estate precisely as do the children, each entitled to a certain specified right or share, and such right vested with respect to each and all of them at the same moment. Their right to possession and control of their several shares in their individual capacity was suspended temporarily for the purposes of administration, and while it may be true that for that period at least no interest would be chargeable against the executrix in favor of any beneficiary because of delayed distribution, the increase or income received therefrom would be held by such executrix in trust for the benefit of all the beneficiaries in proportion to their respective shares under the will, subject, of course, to claims of creditors and costs of administration. This is manifestly just, and we find no imperative rule of law requiring us to hold otherwise.

It follows, from what we have said, that the judgment below must be reversed on the plaintiffs' appeal, and affirmed on the defendant's appeal, and the cause will be remanded to the district court for further proceedings in harmony with this opinion. Costs will be taxed to the appellee.

*Reversed* on plaintiff's appeal. *Affirmed* on defendant's appeal.

LADD, C. J., and EVANS and GAYNOR, JJ., concur.