RUTH LEHMAN, APPELLEE, v. JOSEPH WAGNER ET AL., APPELLEES: ARTHUR WAGNER, EXECUTOR, APPELLANT.

285 N. W. 124

FILED APRIL 7, 1939. No. 30544.

132

*Fay H. Pollock,* for appellant.

*Kelsey & Kelsey, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, MESSMORE and JOHNSEN, JJ.

MESSMORE, J.

Ruth Lehman brought this action in the district court for Stanton county February 19, 1938, to enforce the payment of a bequest made to her by the provisions of the last will and testament of her mother, Maria Wagner, who departed this life October 28, 1933. The trial court decreed and adjudged that plaintiff had a specific bequest and was entitled to a first lien upon 80 acres of land in Stanton county, and that the executor, Arthur Wagner, as such had a second lien in the amount of $2,000. The court further allowed plaintiff interest from the date of the death of testatrix, which at this time amounts to more than $900, and ordered the land sold to pay plaintiff's bequest. The executor, Arthur Wagner, appeals as such and individually.

The issue in this case is solely between Ruth Lehman, plaintiff, and Arthur Wagner, as executor and individually.

The last will and testament of Maria Wagner was admitted to probate in the county court of Madison county, Nebraska, March 7, 1934, over objections, and an appeal was taken to the district court. The appeal was dismissed April 24, 1935, and the dismissal filed in the probate proceedings April 6, 1936. Arthur Wagner, a son and legatee under the will, was appointed special administrator May 9,

1934, filed his report in October, 1937, which was allowed November 2, 1937, and was appointed executor on the same day, having been so named in the will. The time for filing and barring claims and hearing thereon expired in November, 1934. Arthur Wagner as special administrator converted the personal property into money and has collected some rents and been in possession of the land in dispute during the time of the probate proceedings in the county court. There has been no order of distribution by said court. A claim of the Norfolk National Bank in the amount of $1,753, with interest, wherein the executor was the principal obligor and the deceased was surety, was compromised in 1938, and $700 of the money belonging to the estate was used to pay this claim, to be deducted from the amount due Arthur Wagner by virtue of his legacy. There remains in the hands of the executor about $1,500, subject to the payment of costs of administration and legacies.

For a decision in this case, it is necessary that we arrive at the intent of the testatrix, as contained within the four corners of her last will and testament, in interpreting such will. We shall, therefore, set out the pertinent provisions of the will and make reference to other provisions as occasion requires.

The third paragraph of the will follows: "To my daughter, Ruth Lehman, I give and bequeath the sum of Three Thousand Dollars, the same to be paid to her by my son, Joseph Wagner, as hereinafter provided." We next refer to paragraph 7 of the will in conjunction with paragraph 3. Paragraph 7 follows: "Having already given and deeded to my son, Joseph Wagner, certain land in Stanton county, Nebraska, I hereby give and devise to my said son Joseph Wagner the following described real estate (Then follows a description of the real estate and an easement thereon).

"The above devise of real estate to my said son, Joseph Wagner, is based upon, subject to and burdened with the express requirement and condition, that he make payment of the sum of Five Thousand Dollars, of which Three Thou-

sand Dollars shall be paid to my said daughter, Ruth Lehman as hereinbefore provided, and Two Thousand Dollars shall be paid to the legal representatives of my estate."

There are three general bequests in the will: First, $1,000 to Alice McFarland, a daughter, who had previously received $4,000; second, $5,000 to Arthur Wagner, who had previously received real estate in South Dakota; and, third, $5,000 to Otto, a son, of which $3,000 was to be paid by another son, Walter, who received real estate in Madison county with the charge thereon. The thirteenth paragraph of the will provides for the priority of the general legacies: First, payment of $1,000 to Mrs. McFarland; second, payment of $5,000 to Arthur Wagner; and, third, payment of $2,000 to Otto Wagner. Then follows a residuary clause, providing for division of the balance of the money in the hands of the executor, after the sale of the property, into seven equal parts. The plaintiff is not named as a general legatee in paragraph 13 of the will, but appears in the residuary clause. Certain other specific bequests in the way of machinery and live stock are made to Walter.

It is agreed among the parties that the real estate in dispute will not be called upon to pay any of the claims against the estate. There is no residue, and the land involved is worth less than $5,000. Joseph Wagner refused to take the land under the will, subject to the charge of the bequests against it.

Appellant assigns as error, first, the judgment is not sustained by the evidence and is contrary thereto; second, the court erred in holding that plaintiff's lien for $3,000 was entitled to priority over the executor's lien for $2,000, and in awarding plaintiff interest on her bequest.

On his first proposition of law defendant states: "Charges upon real estate are created by the terms of a will which devises property conditioned upon payment of a second specific legacy, and upon payment of a certain sum of money to the executor," citing in support thereof 2 Page, Wills, 2132, sec. 1281, which in part reads: "If the devise of specific realty provides that it is subject to certain lega-

cies, charged therewith, or given upon condition that they be paid, such realty is charged with such legacies." This proposition of law is conceded by plaintiff, she agreeing that the will creates a charge on the land in her favor. When Joseph Wagner refused to accept the devise of the land, the land, itself, then became a part of the assets of the estate.

In 69 C. J. 1205, it is said: "The refusal of the devisee to accept the devise will not affect the charge of the legacy; in equity the land is charged whether or not the devisee accepts the devise."

Defendant contends: "Where a parcel of real estate is devised subject to two charges, it is presumed that the testatrix intended these charges to be with equal priority, unless the will clearly reveals an intention to give one priority over the other."

We now turn our attention to an interpretation of the will of Maria Wagner. The statute requires the court, in the construction of a will, to give effect to the true intent of the testator so far as it can be collected from the whole instrument, if such intent is consistent with the rules of law. Comp. St. 1929, sec. 76-109; *Blochowitz v. Blochowitz,* 130 Neb. 789, 266 N. W. 644. And, also, in this connection, circumstances relating to the will may be considered. *In re Estate of Hunter,* 132 Neb. 454, 272 N. W. 318.

In *Lincoln Nat. Bank & Trust Co. v. Grainger,* 129 Neb. 451, 262 N. W. 11, it was said: "Without much regard to canons of construction, the court will place itself in the position of the testator, ascertain his intent from the provisions of the will and enforce it, if lawful. *Weller v. Noffsinger,* 57 Neb. 455; *Krause v. Krause,* 113 Neb. 22; *Elliott v. Quinn,* 109 Neb. 5; *Heywood v. Heywood,* 92 Neb. 72."

Rarely, if ever, are two wills couched in precisely the same language, and the conditions surrounding one testator may be so widely different from those surrounding another that the conclusion reached in one case is of little value as compared with that reached in another. See *Straw v. Barnes,* 250 Ill. 481, 95 N. E. 471.

The will in question was made in January, 1928, when, apparently, the value of the estate was much more than it was subsequent to the date of the death of testatrix. She obviously felt that the estate was of such value that all of the bequests made by her in her will would be paid as directed, and in the priority as fixed by paragraph 13 thereof. The value of the real estate is decidedly different from its value at the time of the execution of the will, and we may say from the date of the death of testatrix. It is stated that the testatrix, as a matter of preference, placed Alice McFarland, one daughter, at the beginning of the will in the second paragraph thereof, reciting that she had previously received $4,000, and the evidence developed that the plaintiff, who was placed in the third paragraph of the will, had previously received $2,000, indicating that the intention of the testatrix was to the effect that each daughter should have $5,000. The plaintiff was not given a preference in priority as evidenced by the thirteenth paragraph of the will, but her specific bequest was chargeable against the 80 acres of land devised to Joseph Wagner, with the intention on the part of the testatrix that Joseph would take the devise and pay the amounts, totaling $5,000. The testatrix selected the heirs whom she preferred and fixed the order of priority of payment of the bequests, as evidenced by paragraph 13 of the will. She desired that Alice McFarland be paid the sum of $1,000, which was done. She then considered that Arthur Wagner was to receive the sum of $5,000 next; then Otto. Provisions had been made for the others, as hereinbefore shown. The testatrix designated the exact amount of the payments under the general bequests. We cannot say what would have been her disposition of the estate, had she known that Joseph would refuse the devise. In the absence of such expression, this court cannot place itself in the position of testatrix and divine what she would have done under such circumstances. In paragraph 7 of her will she makes the devise subject to two specific bequests, $3,000 to the plaintiff in this action, and $2,000 to the personal representative of her estate. She does not, by specific

language, designate the priority of the two liens. She does not state that Ruth Lehman is to be paid first; she mentions the amount first, but, in any event, she desired that $5,000 be paid by Joseph for this land, $2,000 of that amount to her personal representative. She wanted to be sure that any indebtedness against her estate would not affect the land charged with the bequests.

We do not believe that it was the mother's intention to favor the daughter, Ruth Lehman, to the exclusion of the son, Arthur Wagner. The testatrix believed that the estate was ample. If it is not, then, in the absence of an intention to the contrary, it is presumed that she intended each of several beneficiaries, standing in the same relation to her, to receive an equal interest with each of the others. 69 C. J. 280. The will of Maria Wagner does not express the intention that the charge in favor of the plaintiff shall have priority over the charge in favor of the executor. There is no ambiguity, and a contrary intention could not be proved by extraneous evidence. To give the plaintiff a priority in this case would amount to reading into the will a provision which is not now there.

We therefore hold that the liens chargeable against the 80 acres of land devised to Joseph Wagner are of equal priority. Therefore, of the amount received from the sale of the 80 acres, plaintiff shall receive three-fifths, and the remaining two-fifths is payable to the executor, to be applied by him, with other moneys of the estate in his possession, to payment of costs of administration of, and remaining debts owing by, the estate; and, under the thirteenth paragraph of the will, which must be read in conjunction with paragraph 4 thereof, to the next legatee designated, in point of priority, who has not received his bequest, and who, in this instance, is defendant Arthur Wagner, who shall receive such amount remaining.

The defendant contends that the court erred in allowing interest on plaintiff's specific bequest from the date of the death of testatrix. The will is silent as to the date of payment of the bequest and as to the interest, or rate thereof,

if any, payable. Plaintiff reasons: Had Joseph Wagner accepted the devise he would have been entitled to possession and income of the property from the date of his mother's death, and would have been required to pay Mrs. Lehman's legacy with interest thereon from such date. Upon his refusal to so take the devise, the land is an asset of the estate and charged to the same extent as Joseph's liability.

The exception cited by plaintiff is stated in 69 C. J. 1269 as follows: "Where the possession of the land devised and the payment of the legacy charged on it are both postponed until the determination of some intervening estate in the land, in which case interest runs from the date when the devisee has the right to enter into possession of the land or receive its profits." In the instant case, there is no intervening estate.

We have analyzed several sections of the statute relating to the probate of wills and applicable to this case, and it would unnecessarily lengthen this opinion to set out all of such provisions. We here set forth some of the statutory provisions pertinent to the issue involved.

Section 30-303, Comp. St. 1929, in substance provides for the bond of the executor before receiving letters testamentary, conditioned that he make the return, within three months, of a true inventory of all the goods, chattels, rights, credits and estate which come into his possession or knowledge; pay all just charges, debts, legacies, etc., as may be ordered and decreed by the county court, and *"render a true and just account of his administration to the probate court within one year, and at any other time when required by such court*; and to perform all orders and decrees of the county court by the executor to be performed in the premises." (Italics ours.)

Section 30-603, Comp. St. 1929, designates the time allowed creditors for presentment of claims, which shall not, in the first instance, exceed 18 months or be less than three months, and section 30-604, Comp. St. 1929, provides for extension of time for allowance of claims.

Therefore, it is evident that the executor takes full and

complete charge of all of the assets of the estate under the direction and control of the county court, and has a year in which to settle the estate, and, for good cause shown, may have the time extended. We are cognizant of the specific legacy to Ruth Lehman and recognize that such legacy may be governed by sections 30-232, 30-233, 30-234, and 30-235, Comp. St. 1929. In any event, a careful reading of such sections shows a specific legacy to be obligated at all times for the indebtedness of the estate and to pay its proportionate share of indebtedness, even though it may be apparent that the specific legacy may be turned over to the legatee when other property is presumably ample and sufficient to pay the indebtedness.

All of the foregoing sections of the statute sufficiently emphasize the reason for the holdings in Nebraska, hereinafter set out, respecting the payment of interest on specific legacies when the will is silent on the subject.

This court, in *Lewis v. Barkley,* 91 Neb. 127, 135 N. W. 379, held: "Whether interest is to be allowed upon a specific legacy of money depends upon the intention of the testator. If that intention cannot be otherwise determined from the language of the will itself, it will be presumed that the testator intended that the legacy should be paid during the first year after the appointment of the executor under the will, and, if not so paid, should bear interest from that time."

In cases where the intention of the testator is doubtful, assistance may be derived from the provisions of the statute in regard to the settlement of estates which are heretofore briefly set out. The testator being aware of the statute in reference to estates, it has in most cases been regarded that there is a presumption that the testator intended the legacies should bear interest from that time. In many cases this has been regarded as determining the matter, when the intention of the testator cannot be otherwise determined from the will. See *Smullin v. Wharton,* 83 Neb. 328, 119 N. W. 773.

The question generally involved under our law is whether

or not the executor was negligent in causing unnecessary delay in the settlement of the estate. The law grants him one year in which to settle the estate, and for good cause shown the time may be extended. Obviously, there was no negligence on the part of the special administrator or of the executor. The interest is not a penalty on the executor, but is an incident of the legacy itself. The plaintiff's argument that the interest is due her because the executor does not handle the money and because it is payable direct by the devisee is not conclusive, in view of our holding that, when the devisee refuses to take the land, it then becomes an asset of the estate and must, by necessity, be handled by the executor. In any event, it is still subject to the payment of debts, costs of administration, expenses of the last illness and funeral expenses, and cannot be enforced until these matters have been determined.

The will was contested; the county court decided adversely to the contestants, and an appeal was taken by them to the district court, thereby necessitating the appointment of a special administrator in the county court, as provided by section 30-316, Comp. St. 1929, until the will is admitted to probate or disallowed, and a proper representative of the deceased appointed to handle the estate. Subsequently, the appeal was dismissed in the district court, and, during the period of the special administration, an action was brought by the widow of a deceased son in another county to set aside a deed which had been given by her in payment of a 7,000-dollar mortgage, running to the testatrix, and which involved undevised realty. She did not prevail. A transcript and bill of exceptions were ordered for the purpose of appealing to the supreme court, but the appeal was not perfected, and this undevised land was sold February 28, 1928, pursuant to a license from the district court for Madison county for payment of debts of the estate, within the contemplation of section 30-1401, Comp. St. 1929, netting the estate the sum of $2,408.

Following the rule as announced in Nebraska, the presumption that the testatrix intended that the legacy should

be paid in the first year after the appointment of the executor under the will, and, if not so paid, should bear interest from that time, is a reasonable presumption, in harmony with the view expressed by this court on the subject of interest in such class of cases. See *In re Estate of Kierstead*, 128 Neb. 654, 259 N. W. 740; *Smullin v. Wharton, supra; Goodman v. Palmer*, 137 Tenn. 556, 195 S. W. 165; *In re Doty's Estate*, 231 Mich. 115, 203 N. W. 865.

We hold that the plaintiff is entitled to interest on the amount to be received by her in payment of her specific legacy, which is three-fifths of the amount realized from the sale of the 80 acres of land in Stanton county charged with the payment of the legacy, one year after the appointment of the executor, which would be November 2, 1938, at the legal rate as provided by law, and until such time as plaintiff may finally be paid.

The judgment of the district court is reversed, and the cause remanded with directions to enter a decree in conformity with this opinion.

REVERSED.