## IN RE ESTATE OF WM. CUMMINGS, SR., Deceased.

**Wills:** EXECUTOR'S REPORT: OBJECTION TO: ESTOPPEL. The fact
1  that a legatee under a will who is a nonresident of the state
employs attorneys to represent her, who advise the executor
to make a certain charge against her, will not estop such
legatee from resisting such charge on learning the facts and
before final settlement of the estate, where it appears that
such attorneys without her knowledge were also attorneys for
the executor.

**Wills:** CONSTRUCTION: ADVANCEMENTS: INDEBTEDNESS of HEIR.
2  Where a testator bequeaths to his children an equal share but
directs that from the share of one a certain sum shall be de-
ducted for advancements, the same includes all indebtedness
due the estate from such heir at the time of the execution of
the will.

**Agreement to Accept Less Than Bequest:** VALIDITY OF. An
3  agreement of a legatee made during minority that the amount
of a note due from her to the estate shall be deducted from
her bequest is void, because of her minority and also for
want of consideration.

**Reopening Case:** EVIDENCE. Refusal to reopen a case after decree
4  to permit further testimony will not be interfered with where
there is no abuse of discretion.   Showing in this case held
insufficient to sustain the motion.

*Appeal from Mahaska District Court.*—HON. JOHN T.
Scott, Judge.

### SATURDAY, MAY 16, 1903.

.APPEAL from an order entered in probate. Wm. Cum-
mings, Sr., died testate, and his will was duly admitted to
probate. By the terms of such will, he directed the pay-
ment of certain specific legacies, and then directed a
division of the remainder of his estate among all his
children, share and share alike, including one share to the
heirs of his deceased daughter, Della Moore. "It being

my desire that each of my said children, or their heirs, shall have an equal full share, save and except, * * * that my daughter, Della Moore, is dead and left one child, and that I advanced to her mother in her lifetime the sum of $400, which I direct shall be deducted from the share of the heirs of Della Moore in my estate * * * and I hereby direct my executors to distribute my estate as above directed—first to pay * * * [specific legacies] then divide the remainder into nine equal shares among said heirs, deducting * * * from the share of the said heir of Della Moore $400.'' A final report, so called, was filed by the executors, in which there appears charged as against the share of Maud Magee, the daughter and only child of Della Moore, deceased, the sum of $400; also the sum of $365, the latter said to be on account of a note given by Della Moore to her father in his lifetime. To that part of the report charging her the sum last above named, said Maud Magee filed exceptions. On her motion the matter was transferred to the equity docket, and there heard as an equitable action. There was a decree sustaining the exception to the report, and the executors appeal. —*Affirmed.*

*Bolton, McCoy & Bolton* for appellants.

*John F. & W. R. Lacey* for appellees.

BISHOP, C. J.—Appellants have assigned errors, and we may dispose of the case by taking note simply of the questions thus raised.

I. At the beginning of the trial, the executors moved the court to strike from the files the exceptions filed by Maude Magee, and this for the reason that the final report, so called, was filed March 20, 1899; that on that day notice of such report was ordered published one week, and that such notice was published, fixing March 28, 1899 as, the time for final hearing, at which exceptions might be

heard; that on said day the court approved the report, the or-
der being as follows: "Now on this day this cause came on
for hearing on final report, and the court, having examined
said report, approves the same, and orders distribution;"
that the exceptions now being insisted upon were filed too
late.   It appears that the exceptions were filed February
17, 1900, and thereafter amendments were made thereto.
The motion was overruled, and an exception was saved by
the executors.   It is recited in the appellants' abstract
that thereupon "former adjudication and estoppel, based
upon the evidence as hereinafter set out, was pleaded by
the executors."   No farther information is afforded us by
the abstract upon the subject of the issues thus tendered.
In an additional abstract filed on behalf of appellee, we
find a pleading which we assume was intended to have ap-
plication to the pleading thus filed by the executors.
Therein are found allegations of fact evidently addressed
to a plea of former adjudication and of estoppel.   Taking
into consideration the confusion existing, we think it
proper to consider the entire record, and therefrom de-
termine generally whether appellee's' exception should
have been heard, in view of her previous conduct, and
what had been done in the matter of the estate prior to
the filing thereof.

First, as to the facts:   The matter of the estate is
pending in Mahaska county.   The appellee at all the times
in question has resided in the state of Colorado.   She had

1. EXECUTOR'S
report: ob-
jection to:
estoppel.

knowledge of the provisions of the will, but
she had no personal knowledge of the filing of
the report, or the order of court based thereon.
Bolton, McCoy & Bolton, at Oskaloosa, were acting as her
attorneys, with her approval.   It appears that they were
also acting for the executors, and presumably the report
in question was prepared under their supervision.   Cer-
tain it is that they advised making the charge of $365
against appellee.   Appellee was not advised of the inten-

tion to make such charge against her until some time after the order was made approving the report. Upon being advised, she at once took steps, through other attorneys, to have the error corrected, and this resulted in the filing of the exceptions now under consideration. ' Turning for a moment to the report, while the same is denominated a "final report," it is evident that it cannot be considered as such. Therein is reported a certain amount of money on hand, and an order for distribution is asked. The executors do not ask to be discharged, and the order made goes no farther than to order distribution. In addition to this, it appears that all matters connected with the estate had not yet been settled at the time these exceptions were filed. It is true that distribution of the moneys reported on hand has been made, but it is admitted that other moneys have come into the hands of the executors, sufficient in amount to pay appellee the amount claimed by her, if she is found entitled thereto, and make a further distribution. We have, then, an estate not fully settled; and in connection therewith we have a complaint that, in respect of a report filed, a mistake has been made in determining the amount due the several heirs. Section 3398 of the Code provides as follows: "Mistakes in settlement may be corrected in the probate court at any time before his [the executor's] final settlement and discharge; and after that time by equitable proceedings on showing such grounds that will justify the interference of a court." It will not do to say that the appellee is estopped by reason of the fact that the mistake occurred through the advice or with the consent of the attorneys whom she had employed. They were acting also for the executor, and this without her knowledge, as far as disclosed by the record. In respect of the particular matter in controversy, they were acting wholly in the interest of the executors and against the interest of the appellee. No principle of equity can be found upon which to justify a holding that

she became bound thereby. It is not suggested that any wrongdoing was intended by the attorneys, and the record discloses no such intention on their part. It is to be said simply that the circumstances were such that they could not serve the interests of both parties, and we hold that appellee is not bound by the conclusion at which they arrived. It follows from what we have said that the motion was properly overruled, and that the plea of former adjudication and estoppel is without support in the record.

II.    We are now brought to a consideration of the second ground of contention presented by appellants. Was there a mistake made in charging to the share of appellee the sum of $365? The date of the execution of the will is not disclosed by the abstract. December 14, 1896, is given as the date in the argument of counsel for appellee, and as this is not disputed the statement may be accepted as correct. At the time of the execution thereof, the testator held the note of his daughter Della Moore, dated December 1, 1888, for $300, payable one day after date, with interest at eight per cent. per annum, payable annually; overdue interest to draw interest at eight per cent. per annum, payable annually. On the back of said note is an indorsement, without date, "Received on within note $175." That such was the only evidence of indebtedness held against Della Moore is conceded as a fact in the case. The theory upon which the executors proceeded in making their report and distribution thereunder was that out of the share of appellee should be deducted the sum of $400, by force of the provision in the will; that the note above referred to, being evidence of a specific item of indebtedness held against Della Moore, should also be deducted. The trial court held that this was error, and, without difficulty, we agree that such holding was correct. The note was the only evidence of indebtedness produced, and, although the amount due on such note varies somewhat from the

*2. WILLS: construction: advancement: indebtedness of heir.*

amount named in the will, it may be presumed that such indebtedness was in the mind of the testator when the will was executed. But whether this be so or not, it is certain that the testator fixed upon $400 as the sum total to be deducted from the share to be paid appellee. There is no ambiguity in the terms of the will. But one conclusion is to be drawn from the reading thereof. It follows that, whatever may have been the indebtedness due from the daughter at the time of the execution of the will, the father chose to limit it to the sum named; and it does not remain for the courts even to sit in judgment upon his clearly expressed desire, except to carry the same into effect. From the use of the word "advanced" in the will, it is suggested in argument that the sum named, has reference to moneys given the daughter by way of advancement, as distinguished from moneys loaned and therefore the amount of the note was neither intended to be included in the sum named, nor was the debt represented thereby intended to be forgiven. This position is untenable. In the first place, it is based altogether upon speculation; and, next, it is in direct opposition to the plain and controlling provision of the will, "then divide the remainder into nine equal shares among said heirs, deducting * * * from the share of the said heir of Della Moore $400." So, too, advancements made by a testator prior to the execution of his will, even though designated as such at the time made, are taken to be gifts, pure and simple, and cannot be considered in the settlement of the estate under the will unless such instrument so directs in specific terms. *Estate of Lyon*, 70 Iowa, 375; *McCormick v. Hanks*, 105 Iowa, 639.

III. There is no merit in the contention of counsel for appellants wherein the claim is made that at a meeting of the various heirs, including appellee, held at Oska-

**3. Agreement to accept less than bequest: validity of.** loosa soon after the death of the testator, she (said appellee) consented that the particular item of indebtedness which is the subject of

this controversy should be deducted from her share, in addition to the sum mentioned in the will. It is sufficient to say, without setting forth the testimony of the witnesses, that the evidence, as a whole, fails to satisfy us that any such agreement was made. Be the fact in that respect as it may, the alleged agreement could not be enforced for at least two reasons, either one of which is conclusive: In the first place, appellee was under no legal or moral obligation to accept less than the will gave her, and such agreement, if made, was without consideration; second, at the time the agreement is said to have been made, applleee was a minor and incapable of entering into a valid contract. It is a further contention of appellants that in letters written by appellee to her attorneys named, and which are produced by them and introduced in evidence, she agreed to the deduction of the amount of the note in question from her share, in addition to the deduction directed by the will. We have read the letters carefully, and, to our minds, they are not open to any such construction.

IV. After the decree had been signed and entered by the court below, appellants moved to set the same aside, and permit the introduction by them of further evidence

4. REOPENING case: evidence. to the effect that, within their knowledge, the testator, during his lifetime, had made advancements to Della Moore other than as represented by the note in question. It does not appear from the showing made whether the advancements sought to be proven were made before or after the will was executed. Nor does it appear what were the circumstances of the making thereof—whether gift or loan, and, if the latter, what, if any, conditions were attached thereto, or what, if any, evidence was preserved thereof. This motion was overruled, and we think the ruling involved no abuse of discretion. *Tisdale v. Conn. Mut. L. Ins. Co.* 28 Iowa, 12; *Byington v. Moore,* 62 Iowa, 470.

We conclude that the decree of the court below was warranted in all respects, and it is AFFIRMED.