## Dunshee *v.* Dunshee, Appellant.

*Will—Devise—Partition—Owelty—Devisee's indebtedness to estate—Charge against share—Amount of devisee's indebtedness—Testator's error as to amount—Equity—Correction of error in will—Evidence.*

1. Where a testator directs the indebtedness of a son to be charged against his share of the estate, such direction may be carried out through the process of partition by charging the indebtedness on the share of the son as owelty.

2. Where a testator directs the indebtedness of a son to be charged against his share of the estate, and designates in his will the amount of such indebtedness, a court of equity cannot inquire into the transactions and business dealings between the father and son prior to the making of the will and codicils for the purpose of showing that the father made a mistake in fixing the exact indebtedness to him at the date of the execution of such will and codicils. A different case would be presented if the indebtedness of the son was charged against his share of the estate in general terms, or if the amount of the indebtedness charged in the will was subsequently reduced by payments, or if the amount of the indebtedness be left open for future determination.

3. In such a case on the hearing of a bill in equity for partition the son is not a competent witness to matters which occurred in the lifetime of the father and which affect the distribution of his estate.

Argued Nov. 6, 1913. Appeal, No. 123, Oct. T., 1913, by William A. Dunshee, from decree of C. P. No. 4, Allegheny Co., Second T., 1910, No. 390, in equity, for plaintiffs, on bill in equity for partition, in case of Johnston F. Dunshee, M. Edith Dunshee, and Virginia V. Gardner v. Margaret L. Dunshee and William A. Dunshee. Before FELL, C. J., BROWN, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Bill in equity for partition of lands. Before HAYMAKER, J.

The facts appear in the opinion of the Supreme Court, and in Dunshee v. Dunshee, 234 Pa. 550.

Exceptions to various rulings, and findings of fact and law of the trial judge were dismissed by the court, and a decree was entered awarding relief, in accordance with the prayers of the bill. William A. Dunshee, one of the defendants, appealed.

*Errors assigned,* among others, were the decree of the court and various rulings on evidence.

*George L. Roberts,* for appellants.

*John G. Frazer,* with him *Reed, Smith, Shaw* and *Beal,* for appellees.

OPINION BY MR. JUSTICE ELKIN, January 5, 1914:

When this case was here before it was held that where a testator directs the indebtedness of a son to be charged against his share of the estate, such direction may be carried out through the process of partition by charging the indebtedness on the share of the son as owelty. The record was then remitted with the following direction: "In the present case the court below should proceed to determine and fix the amount of the indebtedness to be charged against the interest of William A. Dunshee, under the will of William Dunshee, deceased, and embody the result of its findings in its decree for partition": Dunshee v. Dunshee, 234 Pa. 550. This direction was followed by the court below, and the indebtedness of William A. Dunshee to the estate of his father having been ascertained, it was charged against the share given him under the will. This is an end of the case unless the learned court below committed reversible error in its findings of fact or conclusions of law. After a most careful reading of the entire record, including all of the testimony introduced at the hearing, and the offers of testimony refused which have been assigned for error, our conclusion is that the case was properly decided. Appellant may and no doubt does feel aggrieved because

of the amount of indebtedness charged against him by way of advancements in the will of his father, but the father could dispose of his property according to his own best judgment, and in making a testamentary disposition of it, he had the undoubted right to charge against the share of the son the indebtedness of the son to the father. The father was not bound to give anything to the son, nor was the son bound to accept a gift from the father to which were annexed conditions which imposed burdens too onerous to bear. But when the father gave, and the son accepted, the gift was taken cum onere. This statement of the abstract legal rights of the parties is not seriously questioned by appellant, but it is very strongly urged that the father made a mistake in the amount of indebtedness charged against the son, and that this is a matter which the court in the exercise of its equitable powers may correct. There are two answers to this position: First, it is very doubtful to say the least whether there was any competent evidence offered and received, or offered and refused, upon which a finding could be based that the father made a mistake in the amount of indebtedness charged against the son; and, second, under the facts of the present case, a finding by the court in conflict with the express provisions of the will would in effect strike down that provision and deny the right of the testator to annex to the gift such conditions as he thought proper to impose. We are not familiar with any authority, and none has been called to our attention, which gives to a court of equity the power to do what appellant asks to be done in these proceedings. A different case would be presented if the indebtedness of the son was charged against his share of the estate in general terms, or if the amount of the indebtedness charged in the will was subsequently reduced by payments, or if the amount of the indebtedness be left open for future determination, but no such situation is here presented. The attempt is here made to have a court of equity inquire into the transactions and

business dealings between the father and the son prior to the making of the will and codicils for the purpose of showing that the father made a mistake in fixing the exact indebtedness of the son to him at the time of the testamentary disposition of his property. That this cannot be done was squarely ruled in Eichelberger's Est., 135 Pa. 160.

The same rule applies in general terms to the second question raised by appellant in the case at bar. We agree with the court below, as well as the appellee here, that appellant was not a competent witness to matters which occurred in the lifetime of the father and which affect the distribution of his estate now; and with the offers of his testimony refused, and properly so under the rule of all our cases, there is no evidence to show that the gas stock was held as collateral, or that the father did not have the right to make sale of the stock as he did, or that he did not receive its fair value at the time of sale.

While the matters in controversy here might very well be taken into consideration by the interested parties themselves in an adjustment of their differences, courts cannot disregard the plain provisions of the will in an attempt to work out the possible equities of those who feel aggrieved by what the father did.

Under all the circumstances of this case it is deemed but just and equitable that the costs of this appeal should be taxed as part of the costs of partition and it will be so ordered.

Decree affirmed. Costs to be included in the costs of the partition proceedings and paid accordingly.