In re Estate of Christina Grauer.

Application of George Grauer, Appellant.

No. 45671.

[REDACTED]

January 20, 1942.

[REDACTED]

Byron Goldthwaite and Wallace & Claypool, for appellant.

William R. Hart and R. G. Popham, for appellees.

Miller, J.—The last will and testament involved herein was executed September 16, 1929. At that time the testatrix had then living two daughters and a son, George Grauer, appellant herein. Another son, William Grauer, had died September 17, 1928, intestate, leaving his mother, testatrix herein, as his sole heir at law. George Grauer, Jr., son of appellant herein was indebted to his uncle, William Grauer, and, at the time of the execution of the will, testatrix herein being the sole heir at law of said William Grauer, from a practical standpoint the said indebtedness of George Grauer, Jr., was property which would eventually be paid to the testatrix herein.

The third, fourth and fifth paragraphs of the will provide as follows:

"Third. My son, William Grauer having died on or about September 17, 1928 leaving no spouse or issue surviving him, and I being his sole and only heir at law no administration was had upon his estate. At the time of his death my grandson, George Grauer, Jr., was owing his uncle, my said son William Grauer, the sum of Thirty-five Hundred Dollars ($3500.00), which sum has not at this time been paid. In addition thereto the said George Grauer, Jr., is at this time indebted to me in the sum of Four Hundred ($400.00) Dollars. I hereby direct that the aggregate sum of Thirty-nine Hundred ($3900.00) Dollars and any unpaid interest accrued thereon at the time of my death be considered and treated as an advancement made by me to my son George Grauer, and that whatever share be devised to my son George Grauer in this the next succeeding paragraph of this my last will and testament be charged therewith as herein provided.

"Fourth. Subject to the provisions and conditions herein named I direct that all of my said estate, except the household goods and personal belongings hereinbefore devised to my two daughters above named, be divided among my son George Grauer and my two daughters, Mary Walker and Christina K. Gerber, share and share alike, excepting, however, I do direct that whatever sum or sums remain unpaid on the aggregate indebtedness of $3900.00 now due me from my grandson, George Grauer, Jr., be determined at the time of my death and that two-thirds of said amount be deducted from the share herein devised to my son, George Grauer, and the sum so deducted be divided equally between my two daughters above named.

"Fifth. The sole purpose of making the foregoing provision with reference to the indebtedness of my said grandson, George Grauer, Jr., is to insure my three children now living, or their heirs, participating equally in my estate. In event my said grandson, George Grauer, Jr., should pay said indebtedness to me prior to my death, or in event he should pay to my executor, hereinafter named, within three months after my death the indebtedness above referred to, then I direct that my

estate be divided equally between my three children above named, and in event said indebtedness is not paid in the time and manner herein provided I direct that the distribution of my estate to my three children be made by treating said indebtedness as an advancement made by me to my son, George Grauer.''

Christina Grauer, the testatrix herein, died September 22, 1938. The will was not found immediately and George Grauer, Sr., was appointed and qualified as administrator. The will was later found and was admitted to probate on November 8, 1939. On the following day the appellee, Fred Rapp, was appointed and qualified as executor. On October 9, 1940, George Grauer filed an application for an order fixing a hearing to determine the amount of indebtedness owing by his son, George Grauer, Jr., to the testatrix and asserting that, prior to the death of the testatrix, George Grauer, Jr., had paid all of the sums owing to testatrix and that, at the time of her death, he owed her no money whatsoever. The prayer was that the court enter judgment to the effect that George Grauer, Jr., was not indebted to testatrix at the time of her death and for such other orders as may be proper. The executor filed a resistance denying that George Grauer, Jr., had paid the testatrix all sums owing by him to her and praying that the court determine what sums remained unpaid on the aggregate indebtedness of $3,900 stated in the will.

Trial was had to the court. George Grauer introduced evidence to the effect that George Grauer, Jr., purchased a farm for $5,000, subject to a mortgage of $2,300, the consideration of $2,700 being furnished by William Grauer as a gift to George Grauer, Jr.; that the inventory filed by the administrator of the estate of William Grauer did not show any indebtedness owing by George Grauer, Jr., to William Grauer except two notes, one for $1,000 and one for $400, both of which notes were subsequently paid to Christina Grauer by George Grauer, Jr., and that they constituted the only indebtedness of George Grauer, Jr., to William Grauer.

At the conclusion of the trial, the court made findings of fact and conclusions of law and entered judgment accordingly.

It found "that the statement of the testatrix, Christina Grauer, in her will as to the amount of indebtedness of George Grauer, Jr., to her, to-wit, $3,900, is binding upon this court and upon applicant George Grauer, and that this court has no right or power to inquire into the truth of such statement or correctness of the amount of indebtedness as set forth in the will. It rests solely with testatrix in the making of her will to say whether or not and to what extent advancements be charged to her son, George Grauer.'' The court further found that George Grauer, Jr., had paid $1,400 to the testatrix during her lifetime, which sum should be credited upon the $3,900 specified in the will, that $2,500 is still unpaid on the aggregate indebtedness of $3,900, two thirds of which balance is to be treated as advancement to George Grauer and to be deducted from his share in the estate. Judgment was entered accordingly, from which George Grauer appeals.

The question which presents itself for our decision is the correctness of the court's finding that the statement in the will as to the amount of indebtedness of George Grauer, Jr., to wit, $3,900, is binding upon the court and upon the applicant, George Grauer, Sr. In so determining, the trial court obviously followed former pronouncements of this court, notably, In re Cummings Estate, 120 Iowa 421, 94 N. W. 1117, and Buchanan, Executrix, v. Hunter, 166 Iowa 663, 148 N. W. 881.

In the case of In re Cummings Estate, supra, the provisions of the will are set out at pages 421 and 422 of 120 Iowa, page 1118 of 94 N. W., as follows:

" 'It being my desire that each of my said children, or their heirs, shall have an equal full share, save and except, * * * that my daughter, Della Moore, is dead and left one child, and that I advanced to her mother in her lifetime the sum of $400, which I direct shall be deducted from the share of the heirs of Della Moore in my estate * * * and I hereby direct my executors to distribute my estate as above directed—first to pay * * * [specific legacies] then divide the remainder into nine equal shares among said heirs, deducting * * * from the share of the said heir of Della Moore $400.' "

It was contended that there was a mistake as to the amount of indebtedness referred to above, the executors contending that more than $400 should be deducted from the share of the heir of Della Moore. The court limited the deduction to the sum specified in the will. In affirming the judgment, we state at pages 425 and 426 of 120 Iowa, page 1119 of 94 N. W., as follows:

"The note was the only evidence of indebtedness produced, and, although the amount due on such note varies somewhat from the amount named in the will, it may be presumed that such indebtedness was in the mind of the testator when the will was executed. But whether this be so or not, it is certain that the testator fixed upon $400 as the sum total to be deducted from the share to be paid appellee. There is no ambiguity in the terms of the will. But one conclusion is to be drawn from the reading thereof. It follows that, whatever may have been the indebtedness due from the daughter at the time of the execution of the will, the father chose to limit it to the sum named; and it does not remain for the courts even to sit in judgment upon his clearly expressed desire, except to carry the same into effect."

In the case of Buchanan, Executrix, v. Hunter, supra, the provisions of the will involved are stated at page 665 of 166 Iowa, page 881 of 148 N. W., as follows:

"Item 4. I have at various times advanced to my daughter, Estella V. Hunter, now residing at Wichita, in the state of Kansas, sundry items of real estate and personal property of various kinds, which I estimate to be of the aggregate value of forty thousand dollars ($40,000.00). For the purpose of making my minor daughter, Sylvera E. Buchanan, to whom I have advanced nothing, share equally with said Estella V. Hunter in my property and estate, I give and bequeath unto my said daughter, Sylvera E. Buchanan, the sum of forty thousand dollars ($40,000.00), to be paid to her when she shall have become of full age."

In the final report of the executrix, she sought authority to pay the legacy of $40,000 to the guardian of Sylvera E.

Buchanan. The court sustained the legacy of $40,000 but ordered that payment thereof be deferred until the legatee arrived at the age of 18 years and be then paid without accumulations. An appeal was taken from the part of the order which deferred payment of the legacy and resulted in a reversal at the hands of this court. There was also a cross-appeal which challenged the sustaining of the legacy. On that phase of the case, we state at pages 676 and 677 of 166 Iowa, pages 885 and 886 of 148 N. W., as follows:

"We turn now to the questions presented by the appellee's cross-appeal. It is said the court erred in recognizing or sustaining the legacy to Sylvera for the principal sum of $40,000. The substance of this complaint is that the testator, in attempting to equalize the distribution between his daughters, has wrongfully or mistakenly charged the appellee with advancements to the amount of $40,000, when as a matter of fact the advancements so made did not exceed $15,000. To correct this alleged mistake, and allow the daughters to share equally in fact, it is said the legacy to Sylvera should be given effect to the extent of $15,000, and no more. Evidence was offered on the trial below tending to sustain appellee's claim that the advancements made to her (which included a certain farm in Jasper county, Iowa, and certain residence property in Omaha, Neb.) did not exceed $15,000. The competency of the appellee to testify to these matters, and the competency of the testimony itself to affect the construction or legal effect of the will, is a question argued by counsel. Conceding, but not deciding, that appellee was a competent witness, we are satisfied that the court was not authorized to consider the facts so presented, and that the effect of the provision in the will as to advancements cannot be ·changed or varied by extrinsic testimony disputing the correctness of the charge made by the testator. The property of the father was his own, to give or to withhold from his children as he saw fit. If he had given to either of them a farm or other item of property by way of advancement, it was his right to place upon it such valuation as to him seemed proper. He, better than any one else, knew what he

had done for his children and the equities existing between them, and for the court to hold that when he is dead, and his estate is to be distributed according to his will, evidence may be admitted that the advancements made were less than is stated in that instrument, and that upon the strength of such showing a legacy to the younger daughter may be wiped out or materially reduced, would be to ignore all authority and well-established principles of the law of wills, and say that the court may amend the will or make it anew. No authority cited by the appellee supports her position in this respect. The contrary doctrine has often been affirmed.''

The foregoing pronouncements of this court are in accord with decisions from other jurisdictions. In 69 C. J. 966, it is stated:

''Where the will purports to recite the amount which the beneficiary owes to the testator and directs the deduction of such amount, the sum so designated will be deducted even though as a matter of actual fact the indebtedness may be for less than the amount stated, or even where nothing is due in fact.''

Appellant undertakes to distinguish the foregoing cases from that now before us. The trial court was unable to see any basis for distinction. We agree with the trial court. We are of the opinion and hold that, for us to reverse the judgment herein complained of, we must overrule the foregoing pronouncements of this court. We see no occasion for so doing.

Accordingly, the judgment is affirmed.—Affirmed.

CHIEF JUSTICE and all JUSTICES concur.