Shelly Estate.

Argued October 27, 1943. Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ. (RENO, J., absent).

*James A. Strite,* with him *Edwin D. Strite,* for appellant.

*John McD. Sharpe,* for appellees.

OPINION BY BALDRIGE, J., March 3, 1944:

This appeal involves the interpretation of the residuary clause in a will.

Andrew Shelly died April 2, 1940, leaving a will dated February 5, 1938. In paragraph 5, he directed that the residue of his estate, after the payment of expenses of settlement, etc., be divided into equal shares, one for each of his five children, three daughters and two sons. He gave to the Chambersburg Trust Company, in trust for his son Emmert, one share *"less one thousand ($1,000.00) dollars owing me* and taxes that might be due on farm now occupied or owned by Emmert O. Shelly *at the time of my death,* less a note of five hundred seventy-six ($576.00) dollars held against Emmert O. Shelly and his wife, by the First National Bank of Mercersburg ......" (Italics supplied).

Emmert was indebted to his father when he died in the amount of $443, evidenced by a note, and in the sum of $618.25, a charge on a farm previously deeded to Emmert by his father. These two provable debts owed by the son to the father were in addition to the item of taxes on the farm, which amounted to $67.02 and $590.40, the note, including interest, held by the Mercersburg Bank against Emmert and his wife, which were to be deducted in addition to the debts due the testator. It was claimed in the court below that the $1,000 was intended to cover all debts owed by Emmert to his father, but did not include the two specifically named deductions, which were not owed to the decedent.

The auditor appointed to make distribution of funds in the hands of the executrices found that the $1,000

named in the will was a specific debt owing the testator by Emmert, in addition to the debts and other deductions mentioned in the will. The deductions from Emmert's share allowed by the auditor in his amended report were $443 on the note due testator, $618.25 on the charge reserved in the deed, $590.40 on the legatee's note to the Mercersburg Bank, and $67.02 taxes on the farm, totalling $1,718.67, to which was added the $1,000 mentioned in the will as owing, making $2,718.67. The court below overruled exceptions filed to the auditor's amended report by the Chambersburg Trust Company, trustee of Emmert Shelly. The case was then brought to this court.

The appellant argues that the $1,000 was a liquidation of Emmert's indebtedness other than the specific deductions mentioned, to wit, taxes $67.02, and $590.40 the amount due the bank, and that the amount charged against his share should not exceed the total of these amounts.

Applying ourselves to the duty of endeavoring to ascertain and give effect to the testator's intent (*Brennan's Estate,* 324 Pa. 410, 188 A. 160) we find that he contemplated a substantial equality in the distribution of his estate. That appears in his directions that the share given to each of his three married daughters shall be in each case "less any note that may be owing me by the said [legatee] or her husband." The one-fifth given to his son, Frank Shelly, listed but a single deduction "less whatever taxes may be due on the farm" [occupied by Frank Shelly]. Immediately following the clause of the will giving Emmert the one-fifth in trust less the $1,000, etc., the testator states: "After these deductions, the remainder of this one-fifth shall be placed in trust, etc." It is apparent when the testator stated less "any note" that he was fully aware and recognized the possibility that provable, specific debts might be owing him by any named legatee and

that the exact amount could not be determined until his death. When he came, however, to provide for Emmert he did not say "less any notes or debts owing me" but fixed the amount, a definite sum, to wit, "less one thousand ($1,000.00) dollars owing me."

It has been held that where there is a testamentary direction for the deduction of a debt from a legacy it is conclusive and the legatee may not show that the testator was mistaken as to its existence or the amount of the debt: *Estate of Jacob Eichelberger,* 135 Pa. 160, 170, 19 A. 1006; *Dunshee v. Dunshee,* 243 Pa. 599, 602, 90 A. 362; *Dermond's Estate,* 55 Pa. Superior Ct., 453, 456; 69 C. J., p. 966, §2156.

Looking at this will as a whole, which we are required to do, we are of the opinion that the devise to Emmert shows an intention to limit the deductions from his share, aside from the two specific amounts named to the $1,000. This is borne out by the testator's use of the phrase "after these deductions" immediately following the reference to them. It is reasonable to conclude that those named are the only deductions. Throughout the entire residuary clause reference is made to deductions to be made that are specifically named and would ordinarily be deductible in any event, as well as sums due by the legatees to third parties. Under familiar principles, the express and specific mention of deductions is an implied exclusion of all others: *Dixon's Case,* 138 Pa. Superior Ct. 385, 390, 11 A. 2d 169; *Hasley's Appeal,* 151 Pa. Superior Ct. 192, 196, 30 A. 2d 187. We think it is apparent that it was the intention of the testator that $1,000 was a limitation of all debts due him by his son and that he did not intend that amount as a specific deduction in addition to all provable debts and named deductions as held by the court below.

It is true that no objections were filed to the auditor's debiting Emmert's share with the $443 principal amount

of the note and the $618.25 charge on the farm deeded to him by his father. However, under Section 22(b) of the Orphans' Court Act of June 7, 1917, P. L. 363, 20 PS §2602, giving the appellate courts of this commonwealth plenary powers on appeal from a decree of the orphans' court, we may consider matters which are fundamental and go to the root of the controversy, even though not raised by specific exceptions in the court below: *Pollock's Estate,* 306 Pa. 301, 159 A. 555; *Fenelli's Estate,* 323 Pa. 49, 51, 185, A. 758; *Knecht's Estate,* 341 Pa. 292, 299, 19 A. 2d 111; *Garrett's Estate,* 335 Pa. 287, 292, 6 A. 2d 858. As Justice Drew stated in *Pollock's Estate,* supra, p. 312: "The orphans' court is a court of equity; this court is enjoined by the statute to determine cases on appeal therefrom as to right and justice may belong; it would be highly inequitable, as well as a direct contravention of the statute, for this court to permit a serious mistake brought to its attention to continue, merely because the point was not raised in the court below." So, here, the intention of the testator should not be thwarted merely because no objection was raised before the auditor or the court below, as to the items of $443 and $618.25, totalling slightly in excess of the $1,000 deduction mentioned in the will.

The decree of the court below is modified by limiting the deduction from Emmert's share to $1,000, plus the note of $590.40 owing the bank and $67.02 taxes due on the farm, both of which latter items are to be paid by the executor.