In Re Estate of UNY KALDENBERG, deceased.

No. 50860.

(Reported in 121 N.W.2d 108)

APRIL 9, 1963.

Hammer, Matthias & Tyler, of Newton, for appellant.

Brierly, McCall & Girdner and Siegers & Bedell, all of Newton, and Andrew Wm. Klyn, of Pella, for appellees.

THOMPSON, J.—Uny Kaldenberg died testate on May 14, 1960. She was survived by two sons, Orville C. Kaldenberg and Earl E. Kaldenberg, who are the protagonists in the proceeding now before us. Her executor, after administering her estate, filed a final report and accounting, to which Earl E. Kaldenberg filed objections. Orville C. Kaldenberg filed a claim against the estate, which the court allowed in its final order. The court

also denied the objections to the final report. From judgment on the court's rulings on these two points Earl E. Kaldenberg appeals.

I. The major question in the case arises from the denial of the objections to the final report. They raise a single point, at least so far as the issues argued in this court are concerned. Paragraph II of the will, so far as material here, says:

"On the date of the execution of this My Last Will and Testament my son, Orville Carrol Kaldenberg, is indebted to me in the sum of $6,864.00. It is my Will and I hereby direct my executor hereinafter named to first deduct said sum from that share of my estate to which my son, Orville Carrol Kaldenberg, is entitled under the terms of this My Last Will and Testament, provided however, that if my said son, Orville Carrol Kaldenberg, shall pay any sum or sums on said debt, after the date of the execution of this Will and present to my executor hereinafter named written evidence of said payments that only the balance due and owing on said debt on the date of my death shall be deducted from the share to which my son, Orville Carrol Kaldenberg, is entitled under the terms of this My Last Will and Testament. It is further my Will that no interest shall accrue on said debt".

The executor permitted Orville Kaldenberg to show that he was not in fact indebted to his mother in the sum stated in the will, but the amount was substantially less. The final report charged him only with the amount which the executor determined represented his actual indebtedness. The objector, Earl Kaldenberg, contended in the trial court, and so contends here, that the will was clear, definite, and fixed the amount, and that it could not be varied. The trial court permitted the introduction of evidence to show what Orville's actual indebtedness was to his mother at the time of the making of the will, and found it to be $4888.22 instead of $6864 as recited in the will; and Orville was charged only with the lesser sum. Error is assigned on the introduction of evidence varying the terms of the will.

In support of his contention that the amount named in the will is not subject to change by evidence outside the will, the

objector cites several Iowa cases: In re Estate of Grauer, 231 Iowa 601, 1 N.W.2d 694; Buchanan v. Hunter, 166 Iowa 663, 148 N.W. 881; Gilmore v. Jenkins, 129 Iowa 686, 106 N.W. 193, 6 Ann. Cas. 1008; and In re Estate of Cummings, 120 Iowa 421, 94 N.W. 1117. They hold that when the will is clear and unambiguous it is final, and the amount may not be varied by parol evidence.

To this Orville Kaldenberg replies that the cited cases concern advancements rather than debts; that the doctrine of advancements does not apply to testate estates unless the testator so directs, and the testatrix did not so direct here. So it is urged that the authorities cited by the objector-appellant are not in point. It may be conceded that the authorities cited deal with advancements, that the doctrine of advancements does not obtain in testate estates unless it is so directed by the will, and that there is no such direction here. We are dealing with a direction to deduct a debt which is not declared to be an advancement. But this does not solve the problem. We still have the question whether the same rule applies when the testator has fixed the amount of a debt as when he has stated the amount of an advancement.

We think there is a strong analogy at least. There seems no good reason why the amount stated in a will as an advancement must be taken as a verity not subject to challenge by a showing that it was not correct, while an amount stated as a debt may be proven to be in error. In fact, we ourselves have indicated our agreement that the same rule should apply. The holding of In re Estate of Grauer, supra, is supported by a citation from 69 C. J., Wills, section 2156, page 966: "Where the will purports to recite the amount which the beneficiary owes to the testator and directs the deduction of such amount, the sum so designated will be deducted even though as a matter of actual fact the indebtedness may be for less than the amount stated, or even where nothing is due in fact." In re Estate of Grauer, supra, loc. cit. 231 Iowa 607, 1 N.W.2d 694, 697. The same language is found in 96 C. J. S., Wills, section 1144, pages 936, 937.

To the same effect are Engemann v. Colonial Trust Co.,

378 Pa. 92, 100, 105 A.2d 347, 352, 48 A. L. R.2d 858, 864, where it is said: "* * * he [testator] can validly bequeath a legacy and provide that there shall be deducted therefrom a certain amount which the legatee owes him; and such a testamentary direction for the deduction of an alleged debt is conclusive on distribution, even though the testator was mistaken as to its existence or amount, or even though the debt was barred by the Statute of Limitations or by payment; * * *". See also Shelly Estate, 154 Pa. Super. 433, 36 A.2d 197, 198; Dunshee v. Dunshee, 243 Pa. 599, 601, 90 A. 362, 363 ("a finding by the court in conflict with the express provisions of the will would in effect strike down that provision and deny the right of the testator to annex to the gift such conditions as he thought proper to impose."); Lewis v. Lewis, 150 Ill. App. 354.

The appellee, Orville Kaldenberg, relies much upon Townsley v. Townsley, 167 Iowa 226, 149 N.W. 262, which he asserts is applicable and fully supports the trial court's decision. We think it is in direct opposition to the ruling of the trial court. There the will of the testator directed that the share of his son Charles be applied on such promissory notes given by him to the testator as remained unpaid at the time of his death. The controversy centered around the question whether a certain note for $1500 was paid; and this court affirmed the holding of the trial court that it had been fully paid. But we said:

"In such will he recited certain notes which he then held against Charles, being five in number. This recital included the $1500 note in question. Such mere recital in the will of the father could not, of course, be binding upon Charles as creating affirmative liability against him. *It would have been competent for the testator to charge such amount against the share of Charles, whether he was right or wrong in including it as an existing indebtedness;* but he did not do so. He simply required the share to be applied to such of the notes as remained unpaid at the time of his death." Loc. cit. 167 Iowa 229, 149 N.W. 263, 264. (Italics supplied.)

The distinction between that case and the one at bar is clear. The language emphasized is clearly in accord with our holding here.

 It is no doubt true that the testator could not by a statement or provision in his will create a liability against a beneficiary which was not owed; but we are not here dealing with contractual rights. The testatrix was a benefactor, and had the right to give or withhold whatever sums she saw fit, and upon such terms as she might determine. The beneficiary, Orville Kaldenberg, may not dictate the terms upon which the gift to him will be received. The bequest to him was a matter of grace upon the part of his mother, and he must take upon the terms specified in the will if at all. His mother saw fit to fix the sum to be deducted from his share, and whether or not she was mistaken in the amount actually owed by Orville, the sum named is final and binding. It follows that the court was in error in taking evidence as to the real amount owed at the time of making the will, and in permitting the executor to deduct only what he and the court thought to be the correct sum.

 II. The only other error assigned and argued is the allowance by the trial court of Orville's claim against the estate. The matter was tried in probate, and so the trial court's findings, if supported by any substantial evidence, are binding upon us. The evidence was detailed and involves many separate items of figures. It will suffice to say at this point that there was substantial evidence to support the fact findings of the trial court and its allowance of the claim. Its findings have the effect of a special verdict. In re Estate of Kneebs, 246 Iowa 1053, 1056, 70 N.W.2d 539, 541, 542, and citations.

The case must be reversed upon the question discussed in Division I and affirmed as to Division II. Costs will be charged one half to Orville C. Kaldenberg and one half to Earl E. Kaldenberg.—Reversed in part and affirmed in part.

All JUSTICES concur.